IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM LORD PUNCHARD,

        Plaintiff,

v.                                       Civ. No. 05-130 JH/WDS

UNITED STATES DEPARTMENT OF JUSTICE,
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, CARL W.
CARROLL, Explosive Program Chief,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on *Plaintiff's Motion for a Show Cause* [Doc. No. 14]

and Defendants' *Motion to Dismiss Except as to APA Claim and Memorandum in Support* [Doc.

No. 12].   After a review of Plaintiff's complaint and amended complaint, as well as the papers

submitted by the parties and the relevant legal authorities, the Court finds that Plaintiff's motion

should be denied and Defendants' motion should be granted.

**DISCUSSION**

**I.       PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE**

Plaintiff's motion is somewhat difficult to comprehend, but it appears to assert two arguments.

First, Plaintiff argues that Defendants have defaulted because they have not answered the complaint.

This argument is without merit, however, because in lieu of an answer, Defendants have timely filed

a motion to dismiss in accordance with Rule 12(b) of the Federal Rules of Civil Procedure.

Accordingly, Defendants have filed a responsive pleading and need not file an answer until the Court

has ruled upon the motion to dismiss.  *See* Fed. R. Civ. P. 12(a)(4).

Second, Plaintiff argues that Defendants should be ordered to show cause why Plaintiff should not be granted the "permit" to purchase explosives which is the subject of his complaint. As this issue goes straight to the merits of the case, it is not a proper issue to be addressed in an order to show cause. Accordingly, Plaintiff's motion will be denied.

## II.     DEFENDANTS' MOTION TO DISMISS

Plaintiff is acting *pro se* in this matter, and his complaint is confusing at best. However, under a liberal reading of that complaint, it could be construed to assert claims for (1) review under the Administrative Procedures Act ("APA") of the administrative decision denying him relief from certain disabilities regarding the purchase of explosives; (2) malicious prosecution and abuse of process; (3) slander; (4) defamation; and (5) deprivation of the constitutional right of due process. Plaintiff seeks both injunctive relief and monetary damages. Defendants argue that except to the extent Plaintiff is requesting review of the administrative decision denying him relief from disabilities under the federal explosives laws, his complaint should be dismissed. The Court agrees.

With regard to Plaintiff's tort claims for malicious prosecution, abuse of process, slander, defamation, they will be dismissed because Plaintiff has failed to satisfy the prerequisites for suing the federal government for torts under state law. Specifically, Defendants may be held liable for damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., only after Plaintiff has exhausted his administrative remedies in accordance with 28 U.S.C. § 2675. Having failed to do so, Plaintiff cannot sue upon those claims in federal district court. *McNeil v. United States*, 508 U.S. 106, 111 (1993).

With regard to Plaintiff's constitutional tort claim, he may not assert that claim against the United States under the FTCA. *Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998). In

2

addition, Plaintiff may not assert his tort claims against either of the individuals named in the caption of his complaint, President Bush and Carl Carroll.  First, neither individual has been properly named or served in his individual (as opposed to official) capacity.  Such constitutional claims may be brought only against government agents acting in their official capacities. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Second, Plaintiff cannot hold the individual Defendants liable under *Bivens* for alleged constitutional violations committed while reaching a final agency decision (denial of relief from explosives disability), which is precisely what Plaintiff appears to be trying to do here.  *See, e.g., Schweiker v. Chilicky*, 487 U.S. 412, 414, 429, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) (holding that *Bivens* action unavailable to contest alleged constitutional violations committed by individual agency employees in deciding to terminate Social Security disability benefits); *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 572 (5th Cir. 2001) ("[P]arties may not avoid administrative review simply by fashioning their attack on an [agency] decision as a constitutional tort claim against individual [agency] officers."); *Nat'l Commodity and Barter Ass'n v. Archer*, 31 F.3d 1521, 1532 (10th Cir. 1994) (finding *Bivens* claim unavailable for alleged constitutional violations of individual agency officers in making wrongful jeopardy tax assessments).

All that remains is Plaintiff's claim for APA review of the administrative decision denying him relief from disabilities regarding the purchase of explosives.  After receiving briefing from the parties, the Court will review the agency decision in accordance with applicable laws.  Plaintiff must file his brief in support of his petition for APA review of the administrative decision no later than  August 8, 2005.  Defendants must file their response no later than August 29, 2005.  If he so wishes, Plaintiff may file a reply no later than September 19, 2005.

   **IT IS THEREFORE ORDERED THAT** *Plaintiff's Motion for a Show Cause* [Doc. No. 14] is **DENIED** and Defendants' *Motion to Dismiss Except as to APA Claim and Memorandum  in Support* [Doc. No. 12] is **GRANTED**.  The parties must submit their briefs regarding review of the administrative decision in accordance with the schedule set forth above.  All of Plaintiff's claims except those brought under the Administrative Procedures Act are **DISMISSED**.


                                     
UNITED STATES DISTRICT JUDGE